# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                CRIMINAL ACTION NO. 2:09-cr-00222

DAVID A. CREMEANS,
KIRK NORMAN DEAN,
WILLIAM DANIEL COPEN,
COREY CHARLES HINKLE,
STEVEN LYNN KNIGHT,
RICHARD TIMOTHY WEAVER,
ELMER LUKE MOORE,
MICHAEL LEE PHELPS,
BRIAN SCOTT MITCHELL,
KIM H. BERRYMAN, and
DONNIE RAY WORKMAN,

        Defendants.

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Richard Timothy Weaver's Motion to Dismiss Counts 29 and 41 for Failure to State a Criminal Offense [Docket 619] and Motion to Dismiss Count 19s as Factually Insufficient [Docket 1254]. Motions to Dismiss filed by Defendants Michael Lee Phelps [Docket 620], Elmer Luke Moore [Docket 884], Brian Scott Mitchell [Dockets 915, 1266], and Kim H. Berryman [Docket 917] expressly adopt the argument in the former motion.

*I.  BACKGROUND*

Defendants Weaver, Phelps, Moore, Mitchell, Berryman, and Donnie Workman are among fifty-six members and associates of the Pagans Motorcycle Club (PMC) charged in this case.  They each are charged with possessing firearms while being employed for a prohibited person in violation of 18 U.S.C.§ 922(h).  All but Defendant Weaver also are charged with conspiring to violate § 922(h) in violation 18 U.S.C. § 371.  Defendant Workman pled guilty to the corresponding conspiracy charge in the original indictment on November 5, 2009.  The Court accepted his plea of guilty but deferred adjudging him guilty until the time of sentencing.

Defendants' motions raise several challenges to the counts charging violations of § 922(h)—Count Twenty-Nine of the original indictment and Counts Nineteen and Twenty-One of the superseding indictment. Defendants argue that the § 922(h) counts are insufficient under Rule 7 of the Federal Rules of Criminal Procedure, that the Government cannot prove that Defendants were employed for a prohibited person based on its theory of the case, and that § 922(h) is unconstitutional in several respects.

By Memorandum Opinion and Order on July 9, 2010, (Docket 1957), the Court construed the statutory text of § 922(h).  The meaning of this statute was a question of first impression in this or any jurisdiction.  Applying this construction, the Court found that the superseding indictment adequately alleged the essential elements of the offense.  The motions to dismiss were denied in part to the extent they asserted that the superseding indictment was deficient under Rule 7.[*]  The Court declined for the time being to reach the other issues raised.

_____

[*]  The corresponding count of the original indictment is relevant only as to Defendant Workman. He was not a party to the motions to dismiss.

2

Meanwhile, Defendants Weaver and Moore reached agreements with the Government to enter conditional guilty pleas to the § 922(h) offenses charged in Count Nineteen of the superseding indictment.  The plea agreements reserved the right to appeal this Court's rulings on the motions to dismiss.

On July 12, 2010, Defendants Weaver and Moore appeared before the Court for a hearing on these matters.  At the hearing, the Government conceded that it could not establish a factual basis for the pleas under the Court's interpretation of § 922(h).  The Government added that its evidence would not support a conviction on the § 922(h) offenses for those Defendants who were not present at the hearings.  Defendants Weaver and Moore renewed their motions to dismiss the § 922(h) charges on the grounds that a trial would be a futile exercise given the Government's concession. The Government signaled its intention to appeal the Court's opinion construing § 922(h) and any subsequent opinion dismissing the relevant counts of the original or superseding indictment.  The Government further stated that it would move to dismiss the remaining counts against Defendants Weaver and Moore in accordance with the plea agreements.

There is nothing akin to a pretrial summary judgment mechanism in the Federal Rules of Criminal Procedure.  Nevertheless, courts have recognized a commonsense exception to the general rule that an indictment may not be dismissed for lack of evidence before trial:

> [A] district court [may] dismiss charges at the pretrial stage under the limited circumstances where the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case.  Under this scenario, a pretrial dismissal is essentially a determination that, as a matter of law, the government is incapable of proving its case beyond a reasonable doubt.

*United States v. Bailes*, 10 F. Supp. 2d 607, 610 (S.D. W. Va. 1998) (Goodwin, J.) (quoting *United States v. Hall*, 20 F.3d 1084, 1088 (10th Cir. 1994)).  The Fourth Circuit has neither approved nor

disapproved of this procedure, but it has been met with approval by the majority of courts which have considered it.  *See United States v. Souder*, 1:08-cr-00136, 2009 WL 88919 at *7, 2009 U.S. Dist. LEXIS 1821 at *22 (M.D.N.C. Jan. 12, 2009) (collecting cases).

Dismissal of the counts charging Defendants with offenses under § 922(h) appears to be the most reasonable and judicious disposition of those charges.  In light of this Court's construction of the statute, the Government has represented on the record that it cannot prove that any of the Defendants in this case have violated § 922(h).  The Government has not objected to this Court's consideration of this representation in the determination of Defendants' motions to dismiss. Accordingly, the Court finds as a matter of law that the Government cannot prove beyond a reasonable doubt that Defendants have committed offenses under § 922(h).  Requiring Defendants to face trial on these charges would serve only to exalt form over substance.

## III.  CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss [Dockets 619, 620, 884, 915, 917, 1254, and 1266] are **GRANTED IN PART** to the extent they seek to dismiss Counts Nineteen and Twenty-One of the superseding indictment on the grounds that the Government cannot meet its burden of proof on these counts.  These counts are **DISMISSED** as to all Defendants named therein. Count Twenty-Nine of the original indictment is **DISMISSED** as to Defendant Workman, and his guilty plea to that count is therefore **REJECTED**.  The Court expresses no opinion at this time as to the constitutional questions presented in the motions to dismiss.

**IT IS SO ORDERED**.

4

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendants and counsel, and the United States Attorney.

ENTER:          July 13, 2010

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE